[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision
At the request of counsel, the court heard additional argument in the above case on November 17, 1994. The court will not review the substantial procedural history of this case, which is set out in the submissions of counsel. The court has reviewed all CT Page 11868 relevant documents in the file, including its June 1, 1994 Memorandum of Decision on Defendant's Motion to Strike.
Pending are Defendant's Request to Revise dated June 20, 1994, and plaintiff's object to same; and Plaintiff's Request for Leave to File An Amended Complaint dated September 7, 1994, and defendant's objection thereto. Resolution of the issues relating to Plaintiff's request for Leave to File An Amended Complaint is essentially dispositive of the issues relating to the pending request to revise, and will therefore be discussed first.
Plaintiff's Request for Leave to File an Amended Complaint dated September 7, 1994, seeks to amend the complaint in two respects: first, by adding a First Count seeking to allege a violation of General Statutes Section 31-51q; second, by adding a Fourth Count seeking to allege a violation pursuant to the "whistle-blowing" statute, General Statutes Section 31-51m.
Plaintiff's Request for Leave to Amend Complaint to add a First Count alleging a violation of General Statutes Section 31-51q
is denied. The court ruled on this matter in its June 1, 1994, memorandum. Plaintiff's newly asserted, bald allegation contained in Paragraph 13 of the First Count of its proposed amended complaint — that "The plaintiff, in contacting and soliciting a determination by the Internal Revenue Service, was acting as a citizen pursuing a matter of public concern" — has no talismanic significance and is in and of itself not sufficient to transform what has concededly been a personal dispute into a "matter of public concern" as that legal term of art is used. See June 1, 1994, Memorandum of Decision on Defendant's Motion to Strike. See also page 15 of Exhibit 9 appended to Defendant's Objection to Request for Leave to File An Amended Complaint, dated September 20, 1994, where counsel indicates that plaintiff was only communicating for himself, to resolve his own situation, in communicating with the Internal Revenue Service. Counsel's representations to the court at oral argument on May 2, 1994, are at odds with its attempt to again add a count alleging violation of, Section 31-51q to the complaint.
Plaintiff's Request for Leave to Amend Complaint to add a Fourth Count alleging a violation of General Statutes Section31-51m raises different issues. Defendant, in essence, raises two claims in opposition to this motion. First, that Judge Berger has previously ruled on this issue. Second, that in any event, assertion of the claim is not timely. CT Page 11869
Having reviewed the relevant pleadings and a transcript of Judge Berger's remarks of October 25, 1993, this court concludes that Judge Berger's October 25, 1993, oral ruling dismissing the First Count of the Original complaint dated July 28, 1993, was fundamentally based on the ground that plaintiff had not exhausted all available administrative remedies then available to him. Plaintiff has now produced a June 14, 1994, letter from Susan A. Egan of the State of Connecticut Department of Labor which, while not entirely unambiguous, indicates that subsequent to Judge Berger's decision, administrative remedies were pursued and apparently concluded. The factual predicate for Judge Berger's decision has therefore seemingly changed.
In the instant ruling on plaintiff's Request for Leave to File An Amended Complaint, the court is only asked to decide if the requested amendment should be permitted at this juncture in the case. See Practice Book Section 176. The court sees no prejudice or unfairness in permitting the amendment. This ruling is without prejudice to defendant raising subsequent arguments addressing the purported untimeliness of the proposed Fourth Count consistent with the rules of practice.
The request to amend to add a new Fourth Count is therefore granted.
With respect to the pending defendant's Request to Revise dated November 20, 1994 and response thereto, counsel on November 15, 1994, agreed that a ruling on the pending Request for Leave to File An Amended Complaint dated September 7, 1994, would be dispositive. Due to the manner in which the case has proceeded, the court notes that the Request to Revise, dated June 20, 1994, predates the Request for Leave to File An Amended Complaint dated September 7, 1994, by some two-and-a-half months. Having ruled as it has on the requested amendment, the court believes that it is appropriate to deny both the pending request to revise and the objection thereto as moot.
DOUGLAS S. LAVINE JUDGE, SUPERIOR COURT